# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **ROBERT C. GORDON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:26-cv-00046** |
| | ) | |
| **CHAD YOUKER,** | ) | **JUDGE CAMPBELL** |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert Gordon, an inmate in custody at the Williamson County Jail, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.) Plaintiff subsequently filed a Motion for Leave to Amend his Complaint (Doc. No. 6), to which he attached a proposed Amended Complaint (Doc. No. 6-1). On March 20, 2026, Plaintiff filed an "Emergency Motion for Preliminary Injunction." (Doc. No. 7, "the Emergency Motion.")[1]

The Court cannot consider Plaintiff's later-filed Motions until he cures the deficiency in this case's filing—specifically, his IFP application's failure to meet statutory requirements. Prisoners bringing civil lawsuits or appeals are "required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). But that payment may be made in installments over time via an assessment against the prisoner's inmate trust account, *id.* § 1915(b), rather than in a lump sum at the time of filing, if the prisoner submits a properly supported application to proceed IFP that establishes his

---

[1] In a nutshell, the Emergency Motion asks the Court to order the Williamson County Jail to allow its inmates to possess physical Bibles and "AA books," though it appears to concede that the ban on possession of physical Bibles was lifted after this and other lawsuits challenging the ban were filed. *Cf. Van Dobbs v. Youker, et al.*, No. 3:25-cv-01172 (Campbell, C.J.), wherein dispositive motions are pending related to the Jail's ban of physical books in favor of digital versions.

inability to prepay the full fee. A properly supported IFP application consists of both a financial affidavit and a certification of the prisoner's inmate trust account history "for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate [jail or prison] official." *Id.* § 1915(a)(1)–(2). Prisoners who are not granted pauper status must pay a total fee of $405—a civil filing fee of $350 plus a civil administrative fee of $55—while prisoners who are granted pauper status are only liable for the $350 civil filing fee. *See* 28 U.S.C. § 1914(a)–(b) & Dist. Ct. Misc. Fee Schedule, provision 14 (eff. Dec. 1, 2023).

Plaintiff's IFP application fails to meet the certification requirement of 28 U.S.C. § 1915(a)(2). Both his Complaint and his financial affidavit are dated December 1, 2025, and the Court received these filings on January 14, 2026. But the attached certification of Plaintiff's current balance and six-month trust account history is dated July 24, 2025, and it reports average monthly deposits and balances, as well as a current spendable balance, calculated as of that date. (Doc. No. 2-1 at 1.) This submission does not meet the requirement of Section 1915(a)(2).

Lacking the necessary certification of Plaintiff's account history for the six months immediately preceding the filing of this case, the IFP application (Doc. No. 2) is **DENIED WITHOUT PREJUDICE** to renewal as described herein. The Clerk is **DIRECTED** to mail Plaintiff a blank IFP application (Form AO 240), including this District's form entitled "Certificate of Prisoner Institutional/Trust Fund Account Activity." To proceed with his lawsuit, Plaintiff **MUST** either pay the $405 filing fee in full or complete the application and return it—along with the Certificate form completed by an appropriate jail official—to the Court within **30 DAYS** of this Order's entry on the docket. The Court's address for filing by mail or in person is: Clerk of Court, U.S. District Court, Middle District of Tennessee, 719 Church Street, Ste. 1300, Nashville, TN 37203.

This action may be dismissed for failure to prosecute if, within 30 days of this Order's entry, Plaintiff fails to resolve the filing fee issue by paying the fee or filing a proper IFP application. If Plaintiff needs an extension of this 30-day deadline, he may request one by filing a motion before the deadline. Plaintiff's Emergency Motion (Doc. No. 7) is **HELD IN ABEYANCE** pending resolution of the filing-fee issue.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

3